[Civ. No. 7233.  First Appellate District, Division One.—August 28, 1930.]

FANNIE HILBERT, Respondent, v. JOHN KUNDIKOFF, Appellant.

Halverson & Halverson and Royal S. Riddle for Appellant.

C. L. Shinn, Walter J. Little and Wm. B. Gilroy for Respondent.

THE COURT.—Defendant appeals from a judgment rendered against him in an action to recover the reasonable value of work performed and services rendered at his special instance and request and for his benefit.

Comparatively little aid can be obtained from a study of the appellant's brief as most of it is devoted to various discussions between court and counsel, whereby appellant seeks to show that the trial judge at some state of the proceedings, after the close of the testimony entertained views at variance with his findings. Though we do not consider this material to our inquiry in view of the fact that we assume that the court's conclusions are truly reflected in the findings, yet we have carefully noted the tenor of the trial judge's remarks and find nothing therein that could have, in any way, misled appellant or given him a security that might at all have affected the presentation of his case in full.

The original complaint alleged as follows: That for seven years continuously and without cessation, ending on June 1, 1925, at the special instance and request of defendant the plaintiff, for the benefit of defendant, performed work and rendered services. That the reasonable worth of said work

performed and services rendered was five thousand dollars, and that no part thereof had been paid, etc. The answer was a specific denial. After a somewhat lengthened trial the court permitted plaintiff to amend the complaint to conform to the proof. After amendment, the complaint was practically the same as before, the dates being somewhat different in that the amended complaint alleged the services and work to have commenced in June, 1921, and ended in June, 1925.

There was, however, this additional allegation in the amended complaint, viz., that on June 13, 1925, said defendant, in consideration of the work, etc., performed, promised and agreed to pay plaintiff the reasonable value of the said work and services.

It is appellant's contention that the court erred in permitting this amendment on the ground that thereby a new cause of action was stated. We find no merit in this contention. At all times the cause of action remained the same, namely for work performed and service rendered. The remedy sought was at all times the same. It is difficult to see the need of the amendment or its propriety. If under the cause of action stated in the original complaint proof sufficient were offered it would follow as a matter of law that judgment would go for the plaintiff, the law itself finding the promise to pay therefor. If under the complaint as amended it was found that no service was rendered or work performed, the promise to pay therefor would have been insufficient to sustain the judgment.

If, as a strict matter of pleading, there was error in permitting the amendment at the conclusion of the trial, after all the facts had been developed the error would come clearly within that class designated as harmless and not sufficient to warrant disturbing the judgment. It may be noted, further, that the entire issue of fact at the trial was the rendition of service and the performance of work and particularly was involved the question as to whether or not such services and work were done and performed without the hope of compensation and gratuitously.

The whole matter was exhaustively examined and the record amply supports the finding of the court that services to the amount of the judgment were rendered and not gratuitously.

The second contention of the appellant is thus stated: Did the court err in finding that the plaintiff performed work and rendered services for the defendant at his special instance and request? Under this heading appellant offers certain general statements as to the sufficiency of the evidence and a few isolated extracts of the testimony. The record before us is obviously fragmentary, as far as the brief of appellant is connected to the transcript. In any event, we have gone to the rather lengthy transcript of the reporter and without attempting any analytical discussion of the testimony we are satisfied therefrom that the court's finding has ample support in the record.

The next ground of appeal is thus stated: Did the court err in finding that defendant, in consideration of work performed and services rendered, promised and agreed to pay the plaintiff the reasonable value thereof? Plaintiff presents his argument on his interpretation of certain excerpts of the testimony and from this presentation draws a facile conclusion of error. We do not agree with appellant in this particular. A complete reading of the transcript here again disclosed abundant evidence from which the trial court's conclusion might easily follow.

We might repeat that when the trial court found the rendition of services at the special instance and request of defendant and for his benefit with the further finding of the reasonable value thereof and that no part of the amount found due had been paid it became quite unnecessary to go further and make any finding as to whether or not defendant, after the rendition of the services and after he had received the benefit thereof, ever promised to pay therefor. Particularly is this true under the pleadings, wherein the denial of defendant goes entirely to the fact of services rendered or work performed, with no allegation either of payment or that the service was gratuitous.

It is the final contention of appellant that a portion of the trial court's findings of his separate defense are entirely unsupported in that this separate defense was filed after the trial and no testimony was subsequently taken. As hereinbefore stated, at the conclusion of the trial plaintiff was granted permission to amend the complaint by adding thereto the allegation of the promise to pay, made after the cause of action had accrued. The trial court

then stated to defendant, in open court, that if, on the coming in of the amended complaint defendant deemed it necessary to present additional evidence the court would consider an application for permission to do so and that defendant would be allowed five or ten days within which to answer to the amended complaint. Accordingly, upon the filing of the amended complaint, and within the time allowed, defendant filed his answer thereto. In addition to a specific denial of the allegations of the amended complaint defendant alleged by way of further defense, that plaintiff had theretofore instituted an action against defendant for damages on account of a breach of a promise of marriage and that the issues of services rendered and work performed had been litigated in said latter action, to a final judgment, which said judgment was a bar to the present action.

The trial court found on this allegation against the defendant. From the record before us it seems obvious that this finding was in the nature of a categorical finding on the pleaded allegations, irrespective of the evidence adduced. It seems to us to present a parallel case wherein a finding is made with no evidence at all to support it. However, being a finding on a separate defense and with no evidence in support thereof, the natural result would be that the defense was not established. Therefore, if the remaining affirmative findings would support the judgment the case must be affirmed. As indicated herein we have found such support in the record. ▮ Under the facts of the case we conclude that defendant is not aggrieved by the finding because, as stated, ignoring any finding on this issue judgment is supported and it is well settled in this jurisdiction that a party cannot complain of the lack of a finding where no evidence was offered on the issue tendered.

This would be most true in the instant case. The record discloses that the trial concluded on December 3, 1926. On December 11th, the amended complaint was served and filed. Thereafter, on December 21st of the same year defendant served and filed his answer to the amended complaint. There the matter rested until May 19, 1927, on which said date plaintiff served upon the appellant a copy of her proposed findings of fact and conclusions of law. Thereafter on May 31, 1927, the findings and judgment, a copy of which last-named document was served upon appel-

lant with the findings, was signed and filed. ■ At no time during the entire period from December 21st to May 19th, five months, did appellant make any attempt to have the case reopened or offer new evidence. Nor did he make any objection to the findings as proposed. The case had stood submitted, subject only to the right of defendant to ask permission to offer additional testimony, if he so desired. Five months having elapsed and no motion or other step toward a reopening, the court was fully justified in considering the case closed and finally submitted for judgment.

The judgment is affirmed.